-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RASHAWN CHAPMAN,

        Plaintiff,

        -v-                             **DECISION AND ORDER**
                                    07-CV-6583JWF

SUPERINTENDENT JAMES T. CONWAY,

        Respondent.

---

    On April 22, 2008, at petitioner's request (Docket No. 4), the Court (Hon. Richard J. Arcara) issued a Decision and Order dismissing without prejudice any unexhausted claims set forth in the petition for a writ of habeas corpus and staying the remaining claim pursuant to *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir.), *cert. denied sub nom.*, 536 U.S. 925 (2001), so that petitioner could exhaust his state court remedies with respect to the unexhausted claims.

    Petitioner was advised that conditions of the stay were that he had to initiate efforts to exhaust the unexhausted claims within 30 days of entry of the Decision and Order and return to this Court within 30 days of the completion of his efforts to exhaust. Petitioner was also advised that if he did not comply with these conditions, the Court may vacate the stay *nunc pro tunc* as of the date the stay was entered and dismiss the petition if was still not timely.

To date, the Court has received no information from petitioner regarding the status of any efforts he has made to exhaust the unexhausted claims in state court. Accordingly, petitioner is hereby ordered to advise the Court in writing by **October 25, 2011**, of the status of any exhaustion proceedings he may have commenced in state court, specifically noting what post-convictions motions or requests for relief he has filed since the entry of the stay in this Court on April 22, 2008, the state court or courts in which the motions or requests for relief were filed and the status of the motions or requests for relief.

If petitioner fails to comply with the Order by **October 25, 2011**, the court will vacate the stay and any unexhausted claims that were dismissed without prejudice previously will remain dismissed without prejudice and petitioner may later be barred from bringing them again, either in this matter or a later filed petition for a writ of habeas corpus, either because they may be untimely, see 28 U.S.C. § 2244(d)(1), or because of the gate-keeping rules regarding successive or second petitions for habeas corpus relief, see 28 U.S.C. § 2244(b).

**IT IS SO ORDERED.**

_____
JONATHAN W. FELDMAN
UNITED STATES MAGISTRATE JUDGE

Dated: 9/21, 2011
Rochester, New York